IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VIDAL BARCLAY | : | |
|    Petitioner | : | |
| | : | |
|    v. | : | CIVIL ACTION |
| | : | |
| IMMIGRATION AND | : | NO. 02-2609 |
| NATURALIZATION SERVICE, et al. | : | |
|    Respondent. | : | |

## ORDER

AND NOW on this _____ day of _____, 2002, upon consideration of the Government's Response to Petitioner's Writ of Habeas Corpus, and any response thereto, it is hereby ORDERED that the Petition is dismissed with prejudice.

_____
U.S.D.J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VIDAL BARCLAY :  | |
|    Petitioner : | |
| : | |
|    v. : | CIVIL ACTION |
| : | |
| IMMIGRATION AND : | NO. 02-2609 |
| NATURALIZATION SERVICE, et al. : | |
|    Respondent. : | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO**
**PETITION FOR WRIT OF HABEAS CORPUS**

The United States of America, by its attorneys, Patrick L. Meehan, United States Attorney for the Eastern District of Pennsylvania, and Susan Becker, Assistant United States Attorney for the District, on behalf of defendants, the District Director of the Immigration and Naturalization Service ("the Service"), the Commissioner of the Service, and the Attorney General of the United States, files this response in opposition to the petitioner's writ of habeas corpus.

I.   **INTRODUCTION**

This is a habeas petition brought under 28 U.S.C. § 2241 by Vidal Barclay, a native and citizen of Guyana. Barclay entered the United States as a lawful permanent resident on February 18, 1978. On July 20, 1988, Barclay was convicted by way of a guilty plea in Kings County, New York, of criminal possession of a weapon in the third degree. Barclay was sentenced to five years probation and ordered to pay a fine. (See

criminal record documentation at Exhibit 1). On March 8, 1989, Barclay was convicted by way of a guilty plea in Nassau County, New York of attempted robbery in the second degree. Barclay was sentenced to a minimum of one year in prison. (See criminal record documentation at Exhibit 2). On January 22, 1992, Barclay was convicted after a jury trial of robbery in the first degree, assault in the second degree, and sexual abuse in the first degree. (See criminal record documentation at Exhibit 3). For these crimes, Barclay was sentenced to a minimum of 10 years for the robbery conviction, 6 years for the assault conviction, and 6 years for the sexual abuse conviction (sentences to run concurrent with each other). (See Exhibit 3, last page).

On February 25, 1994, the Service placed Barclay in deportation proceedings based on his 1988 and 1989 criminal convictions, pursuant to Section 241(a)(2)(A)(ii) and (a)(1)(C) of the Immigration and Nationality Act ("the Act").[1] (See Order to Show Cause and Notice of Hearing, Exhibit 4). On August 9, 1994, the Service gave Barclay notice that it was adding an additional charge of deportability based on the 1992 conviction. (See Exhibit 5). On April 20, 1995, Immigration Judge Allan Page held a hearing to decide whether Barclay should be deported. Barclay was represented by Father Robert Vitaglione, who is, according to the Petition, an "experienced attorney, who specialized in Immigration matters." (See Affidavit of Vidal Barclay, ¶ 11, attached

---

[1] These sections have been renumbered since that time, and now are found at Section 237(a)(2)(A)(ii) and (a)(1)(C) of the Act. [8 U.S.C. Section 1227(a)(2)(A)(ii) and (a)(1)(A)].

to the habeas petition).² At the hearing, Father Vitaglione raised several defenses to deportation, including an application for a waiver of deportation under Section 212(c) of the Immigration and Nationality Act ("the Act"). At the conclusion of the hearing, the Immigration Judge ordered Barclay deported to Guyana. (See Exhibit 6). The Immigration Judge specifically denied Barclay's request for a waiver of deportation under Section 212(c) of the Act, finding that Barclay was not entitled to such relief as a matter of law. (See Exhibit 6, p. 8 of transcript of oral decision). Barclay appealed to the Board of Immigration Appeals, but his appeal was dismissed on July 24, 1995. (See Exhibit 7).

On or about March 22, 2002, at the conclusion of his criminal sentence in New York, the Service took Barclay into custody in order to carry out his removal to Guyana. Barclay filed this habeas petition on or about May 1, 2002. On Friday May 17, 2002, Barclay's counsel, apparently having learned that day that Barclay's removal was imminent, petitioned the Court for an emergency stay of deportation. The emergency judge, Judge Yohn, conducted a telephone conference with counsel for petitioner and Assistant United States Attorney Stephen Britt, who was handling immigration emergency matters that day. Judge Yohn denied the request for a stay of deportation, and Barclay was removed to Guyana on May 18, 2002. (See Exhibit 8). The parties agreed, however, that the Service would respond to the merits raised by Barclay's petition.

---

²     It is not clear whether Father Vitaglione is actually an attorney; he is referred to as an "Accredited Representative" in the July 24, 1995 Order of the Board.

Barclay's petition raises three issues. First, he contends that the Service had been illegally detaining him pending his removal from the country. Second, he contends that he is entitled to relief from deportation by virtue of Section 212(c) of the Act, which allows certain aliens to seek a discretionary waiver of deportation. Third, he argues that he was deprived of effective assistance of his counsel at the April 20, 1995 deportation hearing, because "to the best of [his] knowledge," his representative at the hearing did not raise the defense of relief from deportation under Section 212(c) of the Act.

Petitioner's arguments can be disposed of easily. Any arguments about his detention pending removal are now moot, as Barclay has been deported to Guyana and is no longer in custody. Barclay's argument that he was eligible for a waiver of deportation under Section 212(c) of the Act fails for two reasons. First, he is not eligible for a Section 212(c) waiver because his 1989 weapons conviction precludes any such relief. Indeed, Barclay admits as much in his petition. ("In general, any deportable conviction can be waived under 212(c) except weapons trafficking offenses." Petitioner's Memorandum of Law at p.13). Second, he is not eligible for Section 212(c) relief because his 1992 conviction for an aggravated felony was the result of a conviction by a jury after a trial, not a guilty plea. Finally, Barclay cannot seriously argue that he was denied effective assistance of counsel when his representative raised numerous defenses to deportation, including specifically the Section 212(c) waiver.

II.  **LEGAL ARGUMENT**

    A.  <u>Barclay's Claims About His Detention Are Moot As He Has Been Deported To Guyana.</u>

Barclay had argued that his detention during the removal proceedings was unlawful and that he was entitled to an individualized hearing concerning his release. However, any arguments Barclay made relating to his detention are moot since he is no longer in the Service's custody, having been removed to Guyana consistent with the Immigration Judge's 1995 deportation order. See <u>Malainak v. INS</u>, 2002 WL 220061 (N.D.Tex. 2002) (habeas petition challenging continued detention rendered moot by petitioner's deportation to his native country); <u>Sango v. Reno</u>, 2001 WL 1223427 (S.D.N.Y 2001) (same).[3]

---

[3]  In any event, Barclay's challenge to his detention was off-base, because he was not being detained pursuant to Section 236(c) of the Act [8 U.S.C. § 1226(c)], which he challenged as unconstitutional. Rather, Barclay was detained pursuant to Section 241 of the Act, as he had a final order of removal pending against him, and the Service removed Barclay from the country within the 90 day period prescribed in the Act. 8 U.S.C. § 1231(a)(1)(A).

B.     Barclay Is Not Entitled To Relief Under Section 212(c) of the Act.

    1.     Barclay's 1988 firearms conviction precludes him from receiving a deportation waiver under Section 212(c) of the Act

Barclay claims that he should be entitled to apply for a deportation waiver, repealed in 1996, known as a "212(c)" waiver after its section number in the Immigration & Nationality Act (and codified at 8 U.S.C. § 1182(c) prior to its repeal).[4]  However, as the Immigration Judge found during the April 20, 1995 hearing, Barclay's 1988 firearms conviction precludes him from receiving relief under Section 212(c) of the Act.  (See Exhibit 6, p.8 of transcript of oral decision).  See also Reid v. INS, 2002 WL 824139, at *4 (D.Mass. April 24, 2002) (petitioner's conviction for unlawful possession of a firearm rendered him ineligible to be considered for a § 212(c) waiver); Gibson v. Ashcroft, 2002 WL 461579, at *3 (S.D.N.Y. March 26, 2002) (firearms conviction rendered petitioner ineligible for §212(c) relief); Cyrus v. Ashcroft, 2002 WL 377050, at *2 (E.D.N.Y. March 8, 2002) (same); Cato v. INS, 84 F.3d 597, 600 (2d Cir. 1996) (same); Rodriguez

---

    [4] Following Barclay's convictions, which constitute "aggravated felonies" for purposes of the immigration laws, Congress limited the "212(c)" waiver in April, 1996, to criminal aliens who were not aggravated felons. See § 440(d) of the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, tit. I, 110 Stat. 1214 (April 24, 1996) (the "AEDPA").  On September 30, 1996, Congress then repealed the waiver in its entirety. See § 304(b) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub.L. No. 104-208, 110 Stat. 3009 (effective April 1, 1997).

v. INS, 9 F.3d 408, 412 (5th Cir. 1993); Campos v. INS, 961 F.2d 309, 313-14 (1st Cir. 1992) (§ 212(c) does not authorize the granting of discretionary relief to aliens convicted of possession of a firearm without a license).

Indeed, petitioner apparently does not question this principle. As he states in his memorandum of law, "In general, any deportable conviction can be waived under 212(c) except weapons trafficking offenses." Petitioner's Memorandum of Law at p.13 (emphasis added). He makes no attempt to distinguish his conviction, or give any explanation why he does not fall squarely within this bar to relief.

Barclay attempts to rely on the Supreme Court's decision in INS v. St. Cyr, 121 S.Ct. 2271 (2001) ("St. Cyr") to support his claim. St. Cyr presented the issue of whether the 1996 repeal of the § 212(c) waiver could apply retroactively to alien criminals who pleaded guilty while it was still in effect. The Supreme Court determined that Congress had not been sufficiently explicit in repealing the waiver, and held "that § 212(c) relief remains available for aliens . . . whose convictions were obtained through plea agreements and who, notwithstanding those convictions, would have been eligible for § 212(c) relief at the time of their plea under the law then in effect." St. Cyr, 121 S.Ct. at 229.

The St. Cyr decision, however, provides no relief for Barclay. This is not, as was St. Cyr, a case of the Service applying the 1996 repeal retroactively. Barclay's immigration proceedings took place before the passage of the AEDPA and IIRIRA. He

had a fully opportunity to seek Section 212(c) relief, his representative in fact sought the relief, and his request was rejected by the Immigration Judge. St. Cyr does not give Barclay a second bite at the apple. In any event, even if he were permitted to seek such relief now, he would be rejected for the same reasons stated by the Immigration Judge in 1995.[5]

>  2. Barclay is not entitled to relief under Section 212(c) because his 1992 conviction was the result of a jury trial, not a guilty plea.

Barclay's attempt to seek relief under Section 212(c) fails for the alternative reason that the waiver is limited to alien criminals who pleaded guilty while the provision was in effect; it does not apply to those who proceeded to a jury trial. As the Court stated in St. Cyr., "§ 212(c) relief remains available for aliens, like respondent, whose convictions were obtained through plea agreements and who, notwithstanding those convictions, would have been eligible for § 212(c) relief *at the time of their plea* under the law then in effect." St. Cyr, 121 S.Ct. at 2293 (emphasis added).

The St. Cyr Court's analysis is founded on retroactivity and reliance concerns. See 121 S.Ct. at 2292 (because prosecutors "have received benefit of plea agreements, facilitated by the aliens' belief in their continued eligibility for § 212(c) relief, it would be contrary to considerations of fair notice, reasonable reliance, and

---

[5] Moreover, if Barclay attempted to seek 212(c) relief today, he would be ineligible for the additional reason that he has now served more than five years in prison. See 8 U.S.C. § 1182(c).

settled expectations to hold that IIRIRA deprives them of any possibility of such relief.") It follows that the "quid pro quo" between prosecutors and criminal aliens engendered by a plea agreement, id. at 2291, has no application to criminal aliens who did not plead guilty, but who tried their case to a finder of fact.

Barclay did not plead guilty in his 1992 aggravated felony conviction, but rather proceeded to trial with a jury. Despite this, Barclay seeks the benefit of the St. Cyr holding. However, there are no justifiable grounds for extending the St. Cyr holding to aliens who are "aggravated felons" following a trial, as opposed to a guilty plea, because there is no "quid pro quo" of a benefit to the state prosecutor when an alien, such as Barclay, goes to trial.[6] See Gomes v. Ashcroft, 2002 U.S. Dist. LEXIS 6323, *7-8 (D.Mass. April 9, 2002) (St. Cyr is inapposite to case where alien was convicted by jury).

Because St. Cyr is buttressed on a reliance interest, it is not impermissibly retroactive to apply the waiver's repeal to those, like Barclay, who did not rely on the waiver.

---

[6] In contrast to petitioner's case, the St. Cyr Court noted specifically that one of the numerous "tangible benefits" to the government in the *quid pro quo* of the plea agreement is "promptly imposed punishment without the expenditure of prosecutorial resources." 121 S.Ct. at 2291.

C.   <u>Barclay Was Not Deprived Of Effective Assistance Of Counsel At His Deportation Hearing On April 20, 1995.</u>

Barclay contends that he was denied effective assistance of counsel because "to the best of petitioner's recollection, Father Bob [Barclay's representative at the deportation hearing] did not interpose the affirmative defense of 212(c), even though petitioner was statutorily eligible for the relief." (See affidavit of Vidal Barclay, ¶ 12, attached to habeas petition).

Petitioner's recollection is clearly mistaken. The oral decision of the Immigration Judge makes it clear that Father Vitaglione specifically raised the claim, and the Immigration Judge specifically denied it as a matter of law because of Barclay's firearms conviction.[7] (See Exhibit 6, pp. 6-8 of transcript of oral decision).

In any event, as the Third Circuit has noted, "immigration proceedings . . . are civil, rather than criminal, in nature; therefore the Sixth Amendment guarantee of effective counsel does not attach." <u>Lu v. Ashcroft</u>, 259 F.3d 127, 131 (3d Cir. 2001). Petitioners in deportation proceedings do enjoy Fifth Amendment due process protections, and it has been held that ineffective assistance of counsel could constitute a denial of due process if 'the alien was prevented from reasonably presenting his case." <u>Id.</u> (quoting <u>Lozada v. INS</u>, 857 F.2d 10, 13-14 (1st Cir. 1988)). However, the facts in this

---

[7]   Even if Father Vitaglione had not raised the issue of Section 212(c) relief, it would not have been ineffective assistance of counsel, because Barclay was not entitled to such relief for all the reasons discussed in Section IIA and IIB above.

case do not demonstrate that Barclay was prevented in any way from presenting his case before the Immigration Judge. The only basis Barclay suggests (the alleged failure to present the 212(c) defense) is clearly belied by the Immigration Judge's oral decision.

III.   <u>CONCLUSION</u>

For the foregoing reasons, the government respectfully requests that the Court dismiss the Petition with prejudice.

                Respectfully,

                PATRICK L. MEEHAN
                United States Attorney

Dated: July   , 2002

                JAMES G. SHEEHAN
                Assistant United States Attorney
                Chief, Civil Division

                SUSAN R. BECKER
                Assistant United States Attorney
                615 Chestnut Street, Suite 1250
                Philadelphia PA 19106-4476
                (215) 861-8310 Telephone
                (215) 861-8349 Facsimile

## CERTIFICATE OF SERVICE

I hereby certify that on the ___ day of July, 2002, I caused a true and correct copy of the foregoing Government's Response to Plaintiff's Petition for Writ of Habeas Corpus to be served by first class mail, postage prepaid, upon the following:

    Brian Figeroux, Esquire
    Figeroux & Associates
    26 Court Street, Suite 709
    Brooklyn, NY 11242

    Counsel for Plaintiff

_____
Susan R. Becker