IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VIDAL BARCLAY | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CHARLES ZEMSKI, et al. | : | NO. 02-2609 |

## REPORT AND RECOMMENDATION

**JACOB P. HART**
**UNITED STATES MAGISTRATE JUDGE**               April    17   , 2003

On May 1, 2002, Barclay, who, at the time, was awaiting deportation, filed this petition for habeas corpus pursuant to 28 U.S.C. § 2241. Although Barclay has since been deported to Guyana, his petition is not moot. However, for the reasons that follow, I recommend that the petition be denied.

**FACTS AND PROCEDURAL HISTORY:**

At the time he filed his habeas petition Barclay, a native of Guyana, had been a lawful permanent resident of the United States since February 18, 1978. On July 20, 1988, as a result of a guilty plea, Barclay was convicted of armed possession of a firearm in the third degree. He was sentenced to five years' probation. On March 8, 1989, again as a result of a guilty plea, Barclay was convicted of attempted robbery of the second degree. He was sentenced to one to three years' imprisonment. On January 22, 1992, after a trial, Barclay was convicted of first degree robbery, second degree assault, and two counts of sexual abuse. He received a minimum sentence of 10 years for robbery, 6 years for assault, and 6½ years for each of the sexual assault charges. The sentences were to run concurrently with each other.

On February 25, 1994, the Immigration and Naturalization Service, ("INS"), issued

Barclay an Order to Show Cause, ("OSC"), the charging document for deportation proceedings. The OSC charged Barclay as deportable pursuant to § 241(a)(2)(A)(ii) and § 241(a)(2)(C), as an alien having been convicted of two crimes of moral turpitude and a crime involving firearms possession, based on the 1988 and 1989 convictions. The INS filed an additional charge of deportation on August 9, 1994, based on the 1992 conviction.

On April 20, 1995, an Immigration Judge, (IJ), held a hearing to determine Barclay's deportability pursuant to § 241(a)(2)(A)(ii) - crimes of moral turpitude, and § 241(a)(2)(C) - firearms possession. The IJ also considered Barclay's application for a waiver of deportation pursuant to § 212(c) of the Immigration and Naturalization Act, codified at 8 U.S.C. § 1182(c) before its repeal. At the conclusion of the hearing the IJ ordered Barclay deported to Guyana and denied his § 212(c) waiver application. The Board of Immigration Appeals, ("BIA"), dismissed Barclay's appeal on July 24, 1995.

In March of 2002, when Barclay concluded serving his criminal sentence, the INS took him into custody to carry out his removal. He filed this petition for habeas corpus on May 1, 2002. On May 17, 2002, Barclay's counsel petitioned for an emergency stay of deportation. At the conclusion of a telephone conference with counsel, the Honorable William H. Yohn, Jr., sitting as the emergency judge that day, denied Barclay's request for a stay of deportation. On May 18, 2002, Barclay was removed to Guyana.

In his habeas petition, Barclay raises three issues: (1) his due process rights were violated by the INS's continued detention of him without conducting an individualized hearing to determine his eligibility for release pending removal; (2) Barclay is entitled to a § 212(c) waiver of deportation; and (3) counsel was ineffective for failing to raise the § 212(c) waiver defense.

2

**DISCUSSION:**

Barclay's first claim is moot. To the extent Barclay sought release on bond pending removal, his removal to Guyana has rendered any relief on this claim impossible. See Soto v. Reno, _ F.Supp.2d _, 2003 WL 1193509 *8 (E.D.N.Y., Jan. 24, 2003)(habeas petition challenging continued detention rendered moot by petitioner's deportation to his native country); Malainak v. INS, 2002 WL 220061 (N.D. Tex. 2002)(same); Sango v. Reno, 2001 WL 1223427 (S.D.N.Y. 2001)(same).

Barclay's second and third claims are intertwined and are not mooted by his removal to Guyana. He claims that he is entitled to a § 212(c) waiver of deportation and his counsel was ineffective for failing to seek such a waiver. The waiver of deportation to which Barclay refers is known as a 212(c) waiver after its section number in the INA.[1] Prior to its repeal in 1996, the § 212(c) waiver gave the Attorney General discretion to waive certain criminal convictions or other excludable offenses. 8 U.S.C. § 1182(c)(repealed 1996). While, on its face, § 212(c) related only to exclusion proceedings (when aliens are seeking admission into the United States), the BIA extended § 212's waiver to apply to both exclusion proceedings and deportation proceedings. INS v. St. Cyr, 533 U.S. 289, 295 (2001). "This expansion was justified under the

---

[1]Section 212(c) provided:

Aliens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General [despite being otherwise excludable].... The first sentence of this subsection shall not apply to an alien who has been convicted of one or more aggravated felonies and has served for such felony or felonies a term of imprisonment of at least 5 years.

8 U.S.C. § 1182(c) (1994) (repealed 1996).

3

theory that, if the INS allowed a resident alien to reenter the country despite his excludability and then initiated deportation proceedings, the alien should not be placed in a worse position than if he had been excluded in the first place." Farquharson v. Attorney General, 246 F.3d 1317, 1323 (11th Cir. 2001)(citing Matter of G-A-, 7 I. & N. Dec. 274, 1956 WL 10272 (BIA 1956); Matter of S-, 6 I. & N. Dec. 392, 1954 WL 7892 (BIA 1954, Att'y Gen.1955)).

However, in order to be eligible for the waiver, an alien's deportability had to be based on a ground for which a comparable ground for exclusion existed. See Brown v. INS, 2003 WL 115464 *7 (E.D. Pa. 2003)(citing Samuel v. INS, No. 95-9523, 1996 U.S.App. LEXIS 5683, at *3 (10th Cir. Mar. 28, 1996) (noting that discretionary waiver under Section 212(c) is unavailable when a ground of deportation, such as a firearms conviction, has no analogous ground of exclusion); Gjonaj v. INS, 47 F.3d 824, 827 (6th Cir.1995) (same); Rodriguez v. INS, 9 F.3d 408, 412-13 (5th Cir.1993) (same); Campos v. INS, 961 F.2d 309, 315 (1st Cir.1992) (same); Worrell v. Ashcroft, 207 F.Supp.2d 61, 68-69 (W.D.N.Y.2002) (same)). In other words,

> because the basis for the extension of relief was to equalize the treatment of aliens who were deportable versus excludable on equivalent grounds, the BIA extended § 212(c) relief only to aliens whose deportability was based on a ground for which a comparable ground for exclusion existed.

Farquharson, at 1323 (citing Matter of Wadud, 19 I. & N. Dec. 182, 184, 1984 WL 48603 (BIA 1984); Matter of Granados, 16 I. & N. Dec. 726, 728, 1979 WL 44438 (BIA 1979)).

Because there is no comparable ground for exclusion based on a conviction for possession of an unlawful firearm, the courts have uniformly held that the Attorney General's discretion to waive deportability did not extend to convictions for unlawful possession of a firearm. See Brown v. INS, 2003 WL 115464 *7 (E.D. Pa. 2003)(petitioner ineligible for relief

from removal due to firearms conviction); Reid v. INS, 203 F.Supp.2d 47, 51 (D.Mass. 2002)(firearms conviction renders petitioner ineligible for § 212(c) waiver); Cato v. INS, 84 F.3d 597, 600 (2d Cir. 1996)(alien who was deportable as a weapons offender was not eligible for discretionary waiver); Gjonaj v. INS, 47 F.3d 824, 827 (6th Cir.1995); Rodriguez-Padron v. INS, 13 F.3d 1455, 1460-61 (11th Cir.1994); Chow v. INS, 12 F.3d 34, 38 (5th Cir.1993); Rodriguez v. INS, 9 F.3d 408, 412 (5th Cir.1993); Campos v. INS, 961 F.2d 309, 316-17 (1st Cir.1992); Cabasug v. INS, 847 F.2d 1321, 1327 (9th Cir.1988). Hence, the Attorney General had no discretion to waive Barclay's 1989 weapons conviction.

In his third claim, Barclay contends that his counsel was ineffective for failing to seek a § 212 waiver. This claim fails for three reasons. First, the Third Circuit has held that "immigration proceedings . . . are civil, rather than criminal, in nature; therefore the Sixth Amendment guarantee of effective counsel does not attach." Lu v. Ashcroft, 259 F.3d 127, 131 (3d Cir. 2001)(citing INS v. Lopez-Mendoza, 468 U.S. 1032, 1038 (1984); Scheidemann v. INS, 83 F.3d 1517, 1520 n. 4 (3d Cir.1996)). Second, it is clear from the IJ's oral opinion that Barclay's counsel did argue that Barclay was entitled to a § 212(c) waiver. See, Order of Immigration Judge, 4/20/95; Oral Decision of the Immigration Judge, 5-7). Finally, as previously discussed, Barclay was not eligible for the § 212(c) waiver by virtue of his unwaivable firearms conviction. Counsel will not be considered ineffective for failing to present a frivolous argument. Werts v. Vaughn, 228 F.3d 178, 202 (3d Cir. 2000).

Therefore, I make the following:

## **R E C O M M E N D A T I O N**

AND NOW, this    17th      day of    April         , 2003, IT IS RESPECTFULLY RECOMMENDED that the petition for writ of habeas corpus be DENIED.  There has been <u>no</u> substantial showing of the denial of a constitutional right requiring the issuance of a certificate of appealability.

_____
JACOB P. HART
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VIDAL BARCLAY | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CHARLES ZEMSKI | : | NO. 02-2609 |

# **O R D E R**

LOUIS H. POLLAK, S.J.,

AND NOW, this            day of                    , 2003, upon careful and independent consideration of the petition for writ of habeas corpus, and after review of the Report and Recommendation of United States Magistrate Judge Jacob P. Hart, IT IS ORDERED that:

1. The Report and Recommendation is APPROVED and ADOPTED.

2. The petition for a writ of habeas corpus is DENIED.

3. There is <u>no</u> basis for the issuance of a certificate of appealability.

BY THE COURT:

_____
LOUIS H. POLLAK, S.J.